IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CDS FAMILY TRUST, LLC, et al.,

    Plaintiffs,

v.

ERNEST R. MARTIN, et al.,

    Defendants.

Civil Action No.: RDB-15-2584

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

This case involves a dispute over property and mineral rights in a parcel of land located in Garrett County, Maryland. Plaintiffs CDS Family Trust, LLC and The Carl Delsignore Family Trust (collectively, "plaintiffs" or "CDS") seek a declaratory judgment regarding their asserted ownership in the property and also assert several counts in tort based on defendants' allegedly unlawful exploitation of the minerals and the land. (ECF No. 19.) Defendants Corsa Coal Corporation NAPP ("Corsa"), Wilson Creek Energy, LLC ("Wilson Creek"), WPO, Inc. ("WPO"), Ernest R. Martin, Patricia J. Martin, Jeffrey Rose, and Debbie Rose have filed a series of cross- and counter-claims asserting their own respective interests in the property and claims based thereon.

Now pending before this Court are two motions: first, the Motion for Summary Judgment (ECF No. 53) (the "Martin Motion") filed by Ernest Martin and Patricia Martin; second, the Motion for Leave to File Second Amended Complaint (ECF No. 62) (the "CDS Motion") filed by CDS. The parties' submissions have been reviewed, and no hearing is

1

necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the Martin Motion for Summary Judgment (ECF No. 53) is DENIED WITHOUT PREJUDICE, and the CDS Motion for Leave to File Second Amended Complaint (ECF No. 62) is GRANTED.

**BACKGROUND**

In ruling on a Motion for Summary Judgment, this Court considers the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Through a series of land transactions and testamentary devises over the past sixty years, the CDS plaintiffs and the Martin defendants have come to assert competing ownership claims over portions of the land and mineral rights in the Kittanning and Freeport coal seams which exist, in part, in Garrett County, Maryland. (ECF No. 19 at ¶¶ 12-15.) In November 2005, the Martins entered into a lease agreement with defendant WPO, Inc., to allow WPO to extract coal and other minerals from their purported property. (*Id.* at ¶ 19.) The Rose defendants are the agents of WPO, and have acted on its behalf during the relevant period. (*Id.* at ¶ 6.) In January 2011, PBS Coals, Inc. ("PBSC") entered into an agreement with WPO to purchase WPO's rights as lessee of the purported Martin property. (*Id.* at ¶ 23.) From 2011 to 2013, PBSC and WPO extracted substantial amounts of coal from the disputed property. (*Id.* at ¶¶ 25-28.) In 2014, defendant Corsa Coal Corporation purchased PBSC. (*Id.* at ¶ 29.) PBSC now exists as a wholly-owned subsidiary

of Corsa Coal. (ECF No. 65-1 at ¶¶ 5-6.)[1]  Through this action, plaintiffs seek a declaratory judgment that they are the owners of portions of the Kittanning and Freeport coal seams and coal. (ECF No. 19 at ¶ 32.)  Plaintiffs also allege that defendants have wrongfully extracted and conveyed significant portions of plaintiffs' purported minerals and seek damages and an accounting to remedy the financial injuries which defendants have caused.

## STANDARD OF REVIEW

I. **Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

Motions for summary judgment must be supported by admissible evidence of record. Fed. R. Civ. P. 56(c)(1).  The rule itself provides that, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

---

[1] While the Amended Complaint alleges that Corsa merged PBSC into Wilson Creek Energy, LLC, and, thus, that Wilson Creek was PBSC's successor-in-interest, plaintiffs have since learned that PBSC remains a separate, wholly-owned subsidiary of Corsa. *See* ECF No. 19 at ¶ 29; ECF No. 65-1 at ¶¶ 5-6.

3

>   **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;
>
>   **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). A motion for summary judgment will be denied if it is not sufficiently supported by admissible evidence of record. *See generally Under A Foot Plant, Co. v. Exterior Design, Inc.*, BPG-15-871, 2016 WL 4555021, at *3 (D. Md. Sept. 1, 2016).

In evaluating a Motion for Summary Judgment, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage).

## II.   Motion for Leave to File an Amended Pleading

Rule 15(a) of the Federal Rules of Civil Procedure provides the general rules for amending pleadings. Specifically, Rule 15(a) requires that, after a responsive pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md.

4

2002). The matter, however, is committed to the discretion of the district court, and the district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

**DISCUSSION**

**I.     The Martin Motion for Summary Judgment**

On October 3, 2016, defendants Ernest and Patricia Martin filed the now-pending Motion for Summary Judgment (ECF No. 53). The Motion was filed approximately six weeks before the then-applicable discovery deadline and only eight days before a previously scheduled settlement conference before Magistrate Judge Gesner.[2] The Martins filed a three-page Memorandum in support of the two-page Motion. (ECF No. 54.) The only exhibits produced in support of the Motion and Memorandum are three property deeds from the chain of title to portions of the land and mineral rights at issue in this case. (ECF Nos. 54-1, 54-2, 54-3.) Based on these deeds alone, the Martins assert that they are entitled to summary judgment, as they contend they are the owners of the land, mineral rights, and coal in dispute.

Nevertheless, the Martins have failed to meet their burden of proving that there exist no genuine issues of material fact and that they are entitled to judgment as a matter of law. While the evidence marshalled by the Martins tends to show that they "owned a percentage

---

[2] That Settlement Conference was cancelled by Letter Order dated October 5, 2016. (ECF No. 56.) Judge Gesner later scheduled a Settlement Conference for May 22, 2017. (ECF No. 73.)

of the Kittanning Seam," it does not prove that there exist no genuine issues of material fact regarding their ownership in that land or in the Freeport Seam; nor do the deeds prove that the Martins are not liable for alleged injuries arising out of their relationship with WPO, Inc. *See* ECF No. 58 at 3-4. Accordingly, viewing all evidence in the light most favorable to the non-moving party, the Martins have not established their entitlement to summary judgment as a matter of law. The Martin Motion for Summary Judgment (ECF No. 53) will be DENIED WITHOUT PREJUDICE and this case will proceed with discovery.

## II. The CDS Motion for Leave to File Second Amended Complaint

Plaintiffs' Motion for Leave to File Second Amended Complaint seeks to name as an additional defendant PBS Coals, Inc. ("PBSC"). (ECF No. 62.) While plaintiffs had initially believed that PBSC was subsumed into other corporate defendants as a result of mergers and other corporate transactions, they later learned that PBS still exists as a wholly-owned subsidiary of defendant Corsa. (*Id.* at ¶ 4.) As plaintiffs believe that PBSC may be liable for some or all of the acts alleged in the Amended Complaint, they wish to correct their pleadings to include this party.

Defendants Corsa and Wilson Creek—the ultimate parents of PBSC—oppose the Motion on two bases. First, defendants assert that plaintiffs have not shown good cause for the amendment under Rule 16(b)(4). (ECF No. 65 at 3.) Specifically, defendants argue that plaintiffs knew that their allegations regarding PBSC's no longer existing were incorrect for nine to twelve months before plaintiffs finally moved to add PBSC as a defendant. (*Id.* at 3-6.) Second, defendants argue that amendment would be futile under Rule 15(a)(2) because

the statute of limitations on plaintiffs' claims against PBSC began running on March 26, 2013 and expired on March 26, 2016. (*Id.* at 6-7.)

In their Reply memorandum, plaintiffs argue that Corsa and Wilson Creek cannot show any prejudice based on plaintiffs' failure to name PBSC earlier, and suggest that defendants should have disclosed more readily the corporate relationships among and common legal representation of Corsa, Wilson Creek, and PBSC. (ECF No. 71 at 2.) Plaintiffs further argue that they were hardly careless in naming parties, had good reason to believe that the parent/affiliate corporations took over PBSC, and argue that there would be no prejudice to Corsa and Wilson Creek by adding Corsa's subsidiary while discovery is still ongoing. (*Id.* at 3-6.) With respect to defendants' statute of limitations argument, plaintiffs argue that the purported termination of the mining agreement among PBSC and other defendants does not necessarily preclude *all* causes of action against PBSC. In particular, plaintiffs argue that defendants, despite purportedly ending their relationship in 2013, "continue to engage in a working relationship to mine and sell coal to [PBSC] by way of trespass and conversion." (*Id.* at 7.) Thus, CDS asserts, amendment would not be futile.

Allowing plaintiffs to file a Second Amended Complaint which introduces no new causes of action or theories of recovery, but which seeks only to name as an additional defendant a corporate subsidiary/affiliate of two defendants which have actively litigated this matter, will not unfairly prejudice those defendants. Nor, in light of the extensive corporate entanglements among these defendants, can it be said that plaintiffs acted in bad faith in delaying to name PBSC as a defendant. *See* ECF No. 71 at 4. While it remains to be seen whether certain claims against PBSC may be barred by the relevant statute of limitations, this

7

Court cannot at this point conclude that all of plaintiffs' claims against PBSC are time-barred so as to render amendment futile. Accordingly, the CDS Motion for Leave to File Second Amended Complaint (ECF No. 62) will be GRANTED.

## CONCLUSION

For the reasons stated above, the Martin Motion for Summary Judgment (ECF No. 53) is DENIED WITHOUT PREJUDICE, and the CDS Motion for Leave to File Second Amended Complaint (ECF No. 62) is GRANTED.

A separate Order follows.

Dated: May 16, 2017 _____/s/_____
Richard D. Bennett
United States District Judge