IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CDS FAMILY TRUST, *et al*,         *

     Plaintiff,         *

v.         *        Civil Case No. 1:15–cv–02584–JMC

ERNEST R. MARTIN, *et al*,         *

     Defendants.         *

     *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION ADDRESSING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO COUNT SEVEN AGAINST MR. JEFFREY ROSE

At its core, this case involves an allegation that Defendants wrongfully mined coal from an area where they did not own the necessary mineral rights. The case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). Now pending before this Court are four motions for summary judgment (ECF Nos. 125, 126, 127, and the remainder of 130) by various plaintiffs and defendants. This memorandum concerns ECF No. 126, Plaintiffs' Motion for Summary Judgment as to Count 7 against Defendant Mr. Jeffrey Rose. The Court also reviewed Mr. Rose's opposition. (ECF Nos. 145 and 159). No reply was filed, and no hearing is necessary. For the reasons below, Plaintiffs' motion, (ECF No. 126), is **DENIED**.

## I.    BACKGROUND

Plaintiffs' count 7 is labelled "CDS and Jeffrey Rose" and stems from events between Plaintiffs, Mr. Rose, and WPO, Inc. ("WPO") that occurred before the alleged incidents which form the basis of the other six counts. (ECF No. 80 at 13). Despite not advancing a specific claim, the Court interprets the count as one for breach of contract.[1] Plaintiffs allege that Mr. Rose

---

[1] Plaintiffs' motion quotes law concerning the intentional tort of conversion within their argument. (ECF No. 126-1 at 3). Plaintiffs asserts that Mr. Rose removed the coal and admits it, but then argues that Mr. Rose agreed to

trespassed on Plaintiff's property and removed substantial quantities of coal between March and October of 2011. (*Id.* at ¶ 66). On September 3, 2014, Mr. Rose allegedly agreed that the trespass occurred and to pay Plaintiff CDS Family Trust, LLC ("CDS") $22,976.40 in compensation for removed coal. (*Id.* at ¶ 67). $7,500 of the total was paid and the remainder ($15,476.40) plus interest was to be paid in the future. (*Id.* at ¶ 67). Plaintiff CDS's count 7 demands payment of the outstanding balance plus interest and costs associated with the count. (*Id.* at ¶ 68).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party can do so by demonstrating the absence of any genuine dispute of material fact or by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F.Supp.35 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citations omitted). The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However,

---

compensate Plaintiff CDS for any harm. Plaintiffs' count 7 asks this Court to enforce the agreed upon compensation of $15,478.40, plus 5% interest beginning to accrue on June 7, 2013. To do so would be to enforce a contract, not to award damages for conversion. Accordingly, Plaintiff's count 7 will be treated as one for breach of contract.

the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F.Supp.2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998).

## III. DISCUSSION

Plaintiff CDS argues that Mr. Rose agreed to pay for wrongfully removing coal, Mr. Rose has yet to do so, therefore the Court should order payment plus interest and costs. This argument is buttressed by occasions where Mr. Rose admitted that a debt is owed to CDS such as in an email dated August 1, 2013 where he stated, "Should have payment August 30," (ECF No. 126-2 at ¶ 8), and during his deposition. (ECF No. 126-3 at 89:12-90:2, 90:6-10, 91:2-3).

In opposition, Mr. Rose admits that a debt exists but argues that it is between CDS and WPO, not Mr. Rose personally. (ECF No. 157-2 at 1-2). Mr. Rose asserts that at all relevant times he was an employee of WPO and that WPO was the permittee, operator of the mining, and holder of the lease agreements. (ECF No. 157-3). Notably, Mr. Rose supplies six leases concerning the subject property and the mining permit, all of which have been executed in WPO's name. (ECF No. 157-4 through 157-9). Among the leases, some are indeed executed by Mr. Rose, but in his capacity as either Vice President or President of WPO. (*See e.g.*, ECF No. 157-4 at 4; ECF No. 157-5 at 4, 5, 10, 11, and 15; ECF No. 157-6 at 4). Mr. Rose further affirms that his dealing concerning coal and CDS were in his professional capacity, not personal. (ECF No. 157-3).

The existence of a debt is undisputed. A question, however, remains as to the proper debtor. CDS argues that Mr. Rose is personally liable, and Mr. Rose argues that WPO is liable.

With the record as is, this question cannot be answered. The Court cannot determine whether the contract was written or oral, the terms, how the parties came to an agreement, and whether Mr. Rose's agreement included a personal guarantee. Nevertheless, none of this information is before the Court. As such, Plaintiff has failed to meet its burden and summary judgment is inappropriate due to the existence of a genuine dispute of material fact as to whether Mr. Rose is personally liable personally as advanced by count 7.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion, (ECF No. 126), is **DENIED**. A separate order follows.

Dated: April 11, 2019                           _____/s/_____
                                                                  J. Mark Coulson
                                                                  United States Magistrate Judge