IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CDS FAMILY TRUST, *et al*,         *

    Plaintiffs,            *

v.                     *        Civil Case No. 1:15–cv–02584–JMC

ERNEST R. MARTIN, *et al*,      *

    Defendants.          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION ADDRESSING
DEFENDANTS' MOTION FOR SANCTIONS AND
LEAVE TO FILE A SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

This case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). Pending before this Court is Defendants' Wilson Creek Energy, LLC ("Wilson Creek"), and PBS Coals, Inc. ("PBSC") (collectively, the "Coal Defendants") Motion for Sanctions and Leave to File A Supplemental Motion and Brief for Summary Judgment. (ECF No. 206). It is fully briefed, and no additional hearing is necessary.

The Coal Defendants allege purposeful misconduct in Plaintiffs' failure to produce certain documents regarding their purported ownership of 426/1365ths of the mineral rights to the property at issue as well as the value of that interest.[1] Specifically, the Coal Defendants argue that Plaintiffs failed to produce three categories of documents: (1) Carl Del Signore's Last Will and Testament (the "Will") until November 30, 2018 when it was produced as an attachment to Plaintiffs' Opposition to the Coal Defendants' Motion for Summary Judgment (ECF No. 156-29); (2) a 2016 deed concerning those mineral rights from the Estate of Carl Del Signore to Plaintiff

---

[1] Plaintiffs' claim as to the remaining 939/1365ths interest is separately asserted through a series of deeds that were, apparently, timely produced in discovery.

1

CDS Family Trust, LLC (the "2016 Deed"); and (3) documents including a Petition to Reopen and Supplemental Final Accounting that were filed with the Garrett County Orphan's Court concerning the previously-closed estate of Carl Del Signore (the "Orphan's Court Estate Asset documents"). In doing so, the Coal Defendants argue that any appropriate relief would include, among other things, permitting them to file a supplemental motion for summary judgment based on judicial estoppel grounds. Each category of documents is discussed in turn. For the reasons below, Defendants' motion is **DENIED**.

### A. The Will

The first issue concerning production of the Will is easily dealt with. Plaintiffs consistently asserted that they obtained the 426/1365th mineral rights upon the death of Carl Del Signore by operation of law. (ECF No. 1 at 5). To the Court, this clearly suggests a testamentary disposition, either by way of will or as statutory devisees. This was later clarified as "[t]he interest passed automatically upon Carl Del Signore's death in 1985 by way of his Last Will and Testament." (ECF No. 156 at 11). In the Court's view, this clarification is not inconsistent with the position the Plaintiffs took from the outset, and its late production suggests no motivation to withhold information that would otherwise contradict or impeach the basis of Plaintiffs' claim of ownership. Additionally, given that this Court has already ruled that a claim of ownership based solely on the Will is insufficient as a matter of law, there is no prejudice to the Coal Defendants.

### B. The 2016 Deed

As to the 2016 Deed, it is not clear to the Court when or if it was produced by Plaintiffs in discovery. The 2016 Deed has a Garrett County Circuit Court print date of March 7, 2017 (ECF No. 130-24), but that does not establish who printed it or for what purposes. Although the Coal Defendants argue that this document was not discovered by them until they were "in the course of

investigating the subject matter jurisdiction issues that were recently raised before the Court," it was an attachment to their Motion for Summary Judgment filed on November 1, 2018 (ECF No. 130-24), and relied upon by the Coal Defendants as part of their argument contesting Plaintiffs' claimed 426/1365th interest in the mineral rights at issue. By contrast, the subject matter jurisdiction issues were not before the Court until March of 2019.

Again, however, the Court must point out that Plaintiffs have never relied upon the 2016 Deed—or any deed from Carl Del Signore—as the basis for their claim to a 426/1365th ownership interest in the disputed mineral rights. To the contrary, Plaintiffs regard the 2016 Deed as "estate housekeeping" that became necessary only upon the required supplementation of the estate's schedule of assets at that time. (ECF No. 209 at 7). Correspondingly, the Coal Defendants' position is that that the 2016 Deed is too late in any event to give the Plaintiffs standing to sue and maintain their causes of action. (ECF No. 130 at 32-33). Neither side, therefore, relies upon the 2016 Deed to support their respective positions. Further, far from the 2016 Deed being "fatal to [Plaintiffs'] claims in this case" as claimed by the Coal Defendants (ECF No. 206-1 at 6), it is the *absence* of a timely deed—something Plaintiffs have never claimed they have—that the Court relied upon in finding that Plaintiffs cannot recover based on their purported 426/1365th mineral interest. Therefore, the Court does not find that the lack of its earlier production provides a sufficient basis for sanctions. While Plaintiffs might be criticized for their failure to investigate the Orphan's Court file and produce the 2016 Deed if, in fact, they did not, its lack of production does not suggest a conscious effort by Plaintiffs to thwart discovery.

### C. The Orphan's Court Estate Asset Documents:

On October 25, 2016, during the pendency of this litigation, the personal representatives of the Estate of Carl Del Signore (who died in 1985) filed a petition to re-open the estate for the

purpose of adding his 426/1365th interest in the mineral rights to 907.1 acres known as "Mount Cynthia," which includes the 29.7-acre parcel central to this case. This interest had apparently been left out of the original listing of estate property. Additionally, the personal representatives included an updated accounting for the estate. Both filings represent the value of the mineral interest as zero. These documents were not produced by Plaintiffs in discovery. According to the Coal Defendants, Plaintiffs' failure to produce these documents is worthy of sanctions because this zero-dollar valuation obviously contradicts Plaintiffs' assertions in the present case that the allegedly wrongfully-mined coal has significant value, and these documents would have supported an assertion of judicial estoppel so as to bar the present suit.

Plaintiffs counter that the original failure to include the mineral interest in the estate listing of property was an oversight, and that the personal representatives were statutorily required to update the estate record once the oversight was discovered as to the "market value as of the date of death of the decedent, or the revised market value" pursuant to Md. Code Ann., Trusts and Estates § 7-203. By way of affidavit of the counsel who assisted in this supplementation, Plaintiffs further assert that the valuation of the mineral interest for estate purposes was made as of the time of decedent's death (1985), at which time the state of the available technology and market conditions were such that the minerals could not have been extracted efficiently so as to render them valueless in 1985. Specifically, counsel notes:

> At the time of Carl Del Signore's death [in 1985], all interested parties were under the belief and assumption that, by the date of death standards, all minable coal had been removed and oil and gas that may be present in the parcel had no value. Because of the lack of technological advancements and simplicity of equipment and mineral extraction methods in use and available in 1985, the date of death value stated in the Petition to Reopen was believed to be reasonable.

(ECF No. 209-4 at 2). Thus, Plaintiffs argue that the documents are irrelevant to the current dispute, particularly with regard to discovery requests seeking Plaintiffs' basis for valuing the interest more than twenty-five years later at the time of the allegedly wrongful mining.

The Court agrees with Plaintiffs, and further declines to find that the documents support a claim of judicial estoppel. Judicial estoppel is an "equitable doctrine that exists to prevent litigants from playing 'fast and loose' with the courts—to deter improper manipulation of the judiciary." *Folio v. City of Clarksburg, W. Va.*, 134 F.3d 1211, 1217 (4th Cir. 1998). "As an equitable doctrine, judicial estoppel is invoked in the discretion of the district court and with the recognition that each application must be decided on its own specific facts and circumstances." *King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998). The United States Court of Appeals for the Fourth Circuit has adopted a four-part test to determine when judicial estoppel should apply: (1) the party to be estopped must be advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position must be one of fact, rather than of law or legal theory; (3) the prior position must have been accepted by the court in the first proceeding; and (4) the party to be estopped must have acted intentionally, not inadvertently. *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 292 (4th Cir. 1998). While each factor must be satisfied in order to support application of judicial estoppel, the "determinative factor" is whether the party sought to be estopped "intentionally misled the court to gain unfair advantage." *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996). "Without bad faith, there can be no judicial estoppel." *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007).

Looking at the first factor, as indicated above, the positions advocated are not inconsistent. One asserts that as of decedent's death in 1985, the coal had no market value based on the state of the available mining technology (combined, presumably, with the market conditions at that time).

The present case involves a different assertion: that as of the commencement of the allegedly wrongful mining, more than 25 years later in 2013, the coal at issue in fact had significant market value. Accordingly, in the absence of this first factor, judicial estoppel does not bar the Plaintiffs' claims. Moreover, even if the absence of this factor was not otherwise fatal to an assertion of judicial estoppel, any claim of "unfair advantage" gained by Plaintiffs is not clear to the Court from the record. The Coal Defendants were involved in the chain of entities mining, selling, and reselling the coal during the disputed period. Therefore, regardless of its market value in 1985, all must agree that it had market value at the time of the allegedly wrongful conduct. Thus, the record does not support the theory that the Coal Defendants seem to assert here: that the coal (per the Orphan's Court filing) was, in reality, without value, but was intentionally misrepresented by Plaintiffs in the present litigation as having value. To the contrary, because neither side can claim that the coal at issue had no value during the time of the conduct at issue, the documents at issue were not relevant for any claim or defense so as to create a discovery obligation. Nor, given the affidavit filed in Plaintiffs' Opposition, (ECF No. 209-4), does the record otherwise support the requisite finding of bad faith required by the doctrine of judicial estoppel.

For the foregoing reasons, the Coal Defendants' Motion to Sanctions and for Leave to File Supplemental Motion and Brief for Summary Judgment (ECF No. 206) is **DENIED**. A separate order follows.


Dated: June 12, 2019                                         /s/

                                                      J. Mark Coulson
                                                      United States Magistrate Judge