IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CDS FAMILY TRUST, *et al*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 1:15–cv–02584–JMC |
| ERNEST R. MARTIN, *et al*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION ADDRESSING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AGAINST ERNEST AND PATRICIA MARTIN**

The case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). Now pending before this Court is Plaintiff's Motion for Summary Judgment against Ernest and Patricia Martin (the "Martins"). (ECF No. 125). For the reasons below, Plaintiffs' motion, (ECF No. 125), is **DENIED**.

In their complaint, Plaintiffs claim that Defendants wrongfully mined coal under a 29.7-acre parcel for which Plaintiffs owned the mineral rights. Defendants challenge Plaintiffs' claims of ownership. Specifically, the Martins themselves claim ownership of these rights. The Martins did file an answer disputing Plaintiffs' claims of ownership and asserting their own. (ECF No. 37). They also filed their own summary judgment motion early in the case, which was denied. (ECF Nos. 53 & 79, respectively). Though previously represented by counsel, the Martins have been without counsel in this action since approximately August 21, 2018 when their counsel failed

1

to renew her bar membership with this Court.[1] (ECF No. 107). Other circumstances have further limited in their ability to participate before this Court.[2]

On September 14, 2018, Plaintiffs propounded Requests for Admission to the Martins. (ECF No. 125-1 at 3). Among other things, Plaintiffs' Requests for Admission asked the Martins to admit the central issue in this case: that Plaintiffs owned the mineral rights to the disputed coal. (*Id.* at 4). The Martins never filed a response. On November 1, 2018, Plaintiffs moved for summary judgment against the Martins, arguing that the failure to respond constituted an admission that Plaintiffs possessed all ownership rights to the disputed coal. (ECF No. 125). Although the Martins themselves have not responded to Plaintiffs' motion, their co-defendants (the so-called "Coal Defendants") *have* filed an opposition to that motion, even though it was directed solely at the Martins, pointing out evidence that directly disputed Plaintiffs' claims of ownership notwithstanding the Martins' lack of response to the requests for admission. (ECF No. 145).

In the meantime, also on November 1, 2018, the Coal Defendants filed their own motion for summary judgment, arguing that Plaintiffs did not own any of the rights to the disputed coal, such rights instead resting in part with the Martins and in part with the nonparty Estate of Carl Del Signore. (ECF No. 130). In the context of the briefing for that motion and at oral argument, both Plaintiffs and the Coal Defendants argued that determining the ownership of the disputed coal was a matter of law for the Court based on the plain language of the key deed at issue (the 1950 Moreland Deed) as to ownership of the 959/1365ths interest in those rights, and the legal effect of

---

[1] On September 7, 2018, the Clerk's Office gave formal notice that the Martins' counsel was moved to inactive status with this Court for this earlier failure to renew. (ECF No. 110). Her appearance was formally stricken by the Court on December 27, 2018. (ECF No. 167).
[2] In response to attempts by chambers staff to schedule hearings with the parties on various motions in the case, Mr. Martin has indicated that his wife is suffering from a serious illness, limiting his ability to attend such hearings.

nonparty Estate of Carl Del Signore's Last Will and Testament as to the remaining 426/1365ths interest. After conducting a lengthy hearing, the Court found in favor of the Defendants, ruling as a matter of law that Plaintiffs did not own the mineral rights at issue, and that those rights instead were owned by the Martins (959/1365ths) and the nonparty Estate of Carl DelSignore during the time of the disputed mining.[3] (ECF No. 217). Having decided as a matter of law that the Plaintiffs did not own the mineral rights to the disputed coal, the question before the Court is whether an unanswered request for admission asserting the opposite should nonetheless be given effect so as to support summary judgment against the Martins. For the reasons set forth below, the Court declines to do so.

Requests for admission are governed by Rule 36 of the Federal Rules of Civil Procedure. The purpose of Rule 36 is to both "facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36, Advisory Committee Notes (1970). In short, requests for admission are intended to streamline trials by "obviating the need to adduce testimony and documents as to matters that are not really in controversy." *US v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). They are not, therefore, intended as a weapon to short cut the need for a party to prove the central issues of a case simply by relying on an opponent's untimeliness, inattention, or, in the case of *pro se* litigants such as the Martins, unfamiliarity with civil procedure. Moreover, Rule 36 explicitly limits itself to "admissions regarding purely factual matters or the application of law to facts, but not matters of law." *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 Fed. Appx. 169, 172 (4th Cir. 2005) (citing *In re Carney,* 258 F.3d 415, 418 (5th Cir. 2001); 8A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure,* § 2255 & n. 8 (3d ed.1999); Fed. R. Civ. P.

---

[3] The Court also granted Plaintiffs permission to file a Motion to Amend their Second Amended Complaint so as to expand their claim for wrongful mining the 29.7 acres referenced above, although that motion is not yet ripe.

3

36(a)). Admissions are not designed to elicit legal conclusions. *Petroff-Kline*, *supra*, (citing 7 *Moore's Federal Practice* § 36.10[8] at 36–26 (3d ed. 2008) (footnotes omitted).

Obviously, the admissions at issue are not limited to uncontroverted matters. To the contrary, ownership of the mineral rights is the central issue of this case. This issue has been contested from the outset, both by the Martins and their co-defendants, and there is a rich factual record before the Court concerning ownership. In the Court's view, this, by itself, makes ultimate ownership an inappropriate topic for a sweeping request for admission, especially after Plaintiffs themselves concede that the issue is one of law for the Court to decide.

This matter is further complicated by the fact that the Court has *already concluded* as a matter of law that Plaintiffs do not own the mineral rights at issue. (ECF No. 217). To grant the instant motion for summary judgment, the Court would have to directly contradict its recent conclusion as to the Martins based solely on their failure to respond to Plaintiffs' request. A similar dilemma was faced by the court in *National Independent Truckers Ins. Co. v. Gadway*, 860 F. Supp. 2d 946 (D. Neb. 2012). In that action seeking rescission of an insurance policy, one co-defendant (Gadway) responded to requests for admission by denying that he had lied in his application for insurance, while the other co-defendant (Larson) failed to respond to the same request. Plaintiff insurer argued that Larson's lack of response made summary judgment appropriate as to him. The court denied the motion, stating in pertinent part that:

> [I]f Gadway defeats National's rescission claim by proving, for instance, that he did not lie on or fraudulently fill out the application, it is difficult to see how the Court could reach a sensible or consistent resolution on rescission by trying to parse out rescission as to Larson, but not Gadway. The court cannot simultaneously validate and invalidate the same contract.

*Id*. at 955.

It is true that the Court does not have before it the typical mechanisms whereby such a request would be challenged, such as a denial or objection from the Martins themselves, be it timely or not. Similarly, the Martins have not filed a motion to withdraw the admission as allowed by Rule 36(b) where such a withdraw promotes presentation of the merits of the action without undue prejudice to Plaintiffs, something the Court would easily conclude in this case from its observations above. The Court attributes the absence of such filings to their *pro se* status. Regardless, the Martins have hardly been silent on the issue of ownership of the disputed coal. As noted above, both their answer and their motion for summary judgment assert their ownership and dispute Plaintiffs' claims. The Court also understands that Mr. Martin was deposed and, although that testimony is not before the Court, the Court would expect that it would have been cited by Plaintiffs had Mr. Martin conceded ownership in their favor. Additionally, the Coal Defendants in their motion in opposition to the instant motion (even though only the Martins were the subjects of it) and their own motion for summary judgment urge the Court not to accept the unanswered admissions in establishing ownership. As Judge Hollander of this Court, relying in part on *Petroff-Kline, supra*, previously observed in denying a similarly-postured summary judgment motion:

> "[A] formal motion is not always required. Instead, a withdrawal 'may be imputed from a party's actions' . . . ." *Petroff-Kline*, 557 F.3d at 293 (internal citations omitted). Plaintiff has timely and unequivocally made clear that she does not intend to admit wholesale the contentions in [Defendant's] Request for Admissions. In light of the Fourth Circuit's "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), I exercise my discretion not to rely on plaintiff's deemed admissions to the contentions in [Defendant's] Request for Admissions in resolving the pending motions.

*Webb v. Green Tree Servicing, LLC*, 2013 WL 544242, *14-15 (D. Md. Sept. 30, 2013).

Similarly, the Court will exercise its discretion and not rely on the Martins' deemed admissions and will deny summary judgment in this case. Note, however, that Plaintiffs are not

5

precluded from arguing at a future trial involving the Martins that some of the matters deemed admitted that do not involve central legal issues in the case should be taken as established (as against the Martins only).

For the foregoing reasons, Plaintiffs' motion, (ECF No. 125), is **DENIED**. A separate order follows.

Dated: June 13, 2019                                    /s/
                                        J. Mark Coulson
                                        United States Magistrate Judge