IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CDS FAMILY TRUST, *et al*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 1:15–cv–02584–JMC |
| ERNEST R. MARTIN, *et al*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

At its core, this case involves an allegation that Defendants wrongfully mined[1] coal from an area where they did not own the necessary mineral rights. The case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). On June 13, 2019, this Court granted in part Defendants' Corsa Coal Corp. ("Corsa Coal"), Wilson Creek Energy, LLC ("Wilson Creek"), and PBS Coals, Inc. ("PBSC") (collectively, the "Coal Defendants") Motion for Summary Judgment, (ECF No. 130), as to the ownership/lack of ownership of the mineral rights within the 29.7-acre parcel at the center of this dispute. (ECF No. 220). Now pending is Plaintiffs' Motion for Reconsideration of that order. (ECF No. 227). The issues are fully briefed, (ECF Nos. 229 and 234), and no hearing is necessary. See Loc. R. 105.6 (D. Md. 2018). For the reasons below, Plaintiffs' motion will be **DENIED**.

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment. Fed. R.

---

[1]Not all of the Defendants performed actual mining but were instead involved as lessors or purchasers in the "chain" of mining operations.

Civ. P. 54(b).  While Rule 54 does not set forth the standard for reconsideration of interlocutory orders, such as the discovery ruling at issue here, the Fourth Circuit has held that a motion for reconsideration under Rule 54 is not subject to the same "strict standards" applicable to motions for reconsideration of a final judgment.  *Am. Canoe Ass'n v. Murphy Farms, Inc*., 326 F.3d 505, 514 (4th Cir. 2003).  Despite this relative leniency, "most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions," and will reconsider an interlocutory order only where: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice."  *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (citations omitted).

Plaintiffs argue that the Court came to the wrong legal conclusion.  Specifically, Plaintiff asserts that the Court's reference by way of example to language used in past conveyances was irrelevant, that it misread the deed's language, that the deed was ambiguous, that the Court's focus on reservations and exceptions was unnecessary, and that Carl Del Signore's Last Will and Testament designated all property to the trust and therefore the trust owned the interest during the relevant time.  (ECF No. 227-1).  Defendants contend that none of Plaintiffs' arguments are sufficient or appropriate grounds for reconsideration.  This Court agrees.

Plaintiffs' motion does not cite to an intervening change in the law, provides no evidence that was previously unavailable, and fails to point to any aspect of this Court's order that could be viewed as clear error or manifest injustice.  Everything advanced was either already argued or could have been during the extensive briefing and hearing that lead up to the order.  Plaintiffs are simply trying to relitigate the issues.  Accordingly, reconsideration is not justified. *See Coulibaly v. J.P. Morgan Chase Bank, N.A.,* CIV.A. DKC 10-3517, 2011 WL 6837656, at *2 (D. Md. Dec.

28, 2011), *aff'd sub nom. Coulibaly v. JP Morgan Chase Bank, N.A.,* 526 Fed. Appx. 255, 2013 WL 1811879 (4th Cir. 2013) (denying reconsideration where the "motion could not prevail because they seek either to relitigate the same issues addressed by the opinion deciding the motions to dismiss or to introduce new arguments that they failed to raise previously. These are not appropriate grounds for reconsideration.")

For the foregoing reasons, Plaintiffs' Motion for Reconsideration, (ECF No. 227), is **DENIED**. A separate Order shall follow.


Dated: July 23, 2019                                        /s/
                                             J. Mark Coulson
                                             United States Magistrate Judge