IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CDS FAMILY TRUST, *et al*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 1:15–cv–02584–JMC |
| ERNEST R. MARTIN, *et al*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

At its core, this case involves an allegation that Defendants wrongfully mined[1] coal from an area where they did not own the necessary mineral rights. The case is before me for all proceedings by the consent of the parties pursuant to 28 U.S.C. § 636(c). Since referral on Defendants' Corsa Coal Corp. ("Corsa Coal"), Wilson Creek Energy, LLC ("Wilson Creek"), and PBS Coals, Inc. ("PBSC") (collectively, the "Coal Defendants") Motions to Preclude Expert Testimony, (ECF Nos. 136 & 139), were denied without prejudice. Coal Defendants' Rule 72(a) Objection, (ECF No. 150), was granted in part, as to historical observations and calculation changes, and denied in part, as to the disputed area specifically. The Parties confirmed subject matter jurisdiction. (ECF Nos. 195 and 196). Plaintiffs' Motions for Summary Judgment as to Counts 1, 2, 3, 4, and 6 against WPO, Inc, ("WPO") (ECF No. 129), and as to Count 7 against Jeffrey Rose, (ECF No. 126), were denied.

Coal Defendants' Motion for Summary Judgment, (ECF No. 130), was also granted in part as to Corsa Coal in total, and Wilson Creek as to counts based on successor-in-interest liability.

---

[1] Not all of the Defendants performed actual mining but were instead involved as lessors or purchasers in the "chain" of mining operations.

1

After a hearing on May 21, 2019, this Court granted in part another portion of the Coal Defendants' Motion for Summary Judgment, (ECF No. 130), finding that Plaintiffs held no ownership or mineral rights within the 29.7-acre parcel at the center of this dispute during the relevant time period. (ECF No. 217). The recent denial of Plaintiffs' motion for reconsideration, (ECF No. 234), leaves only a few issues outstanding.

Pending a hearing now scheduled for August 21, 2019, this Court will not yet rule on Plaintiffs' Motion for Summary Judgment Against WPO, Jeffery Rose and Debbie Rose as to Counterclaim, (ECF No. 127). This memorandum does, however, address Plaintiffs' also pending Motion for Leave to File Third Amended Complaint. (ECF No. 216). The issue is opposed by the Coal Defendants, (ECF Nos. 223, 224, 230), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons below, Plaintiffs' motion is **GRANTED**.

## STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides the general rules for amending pleadings. Specifically, Rule 15(a) requires that, after a responsive pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's County, Md.*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002). The matter, however, is committed to the discretion of the district court, and the district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

**DISCUSSION**

During the hearing on the Coal Defendants' Motion for Summary Judgment, this Court expressed concern over how the area of disputed mining has evolved. Where it once appeared that the suit strictly concerned mining within a 29.7-acre parcel (the "Martin Parcel"), it ultimately morphed through Plaintiffs' expert's rebuttal report of February 28, 2018 arguably to include an area beyond the Martin Parcel. This culminated in Plaintiffs' assertion that the disputed mining took place on 3.36 total acres. Of that area, 1.1 acres fell within the Martin Parcel at issue in the hearing, and the remaining 2.25 acres fell outside on other property allegedly owned by the Plaintiffs. As expressed during the May 21, 2019 hearing, this refocusing concerned the Court over whether the complaint still accurately reflected the dispute. (ECF No. 215 at 92:18-93:21). After the Court articulated these concerns, Plaintiffs announced an intention to file the now pending Motion for Leave to File Third Amended Complaint. In the interim, this Court ruled that the Plaintiffs did not have an ownership interest in the Martin Parcel and that, as presently worded, Plaintiffs had not adequately pled that the area of disputed mining extended beyond the Martin Parcel. (ECF No. 216). Accordingly, Plaintiffs' only hope of recovery lies with its ability to again amend its complaint to include the 2.25 acres beyond the Martin Parcel. (*Id.* at 8 n. 9).

Plaintiffs' motion argues that the circumstances are proper for leave. First, Plaintiffs argue that while clarity in pleadings is important, the Defendants have been aware of the additional 2.25 acres outside of the Martin Parcel. (ECF No. 216-1 at 8). Second, Plaintiffs argue that Maryland is a notice pleading state and as such the Complaint's allegations of wrongful mining in Mount Cynthia (a 907-acre area which includes both the Martin Parcel and the additional 2.25 acres) gave sufficient notice. Third, Plaintiffs argue that amendment would not cause prejudice, there is no bad faith or delay, and amendment would not be futile.

Coal Defendants counter that the requested amendment would be futile and unduly prejudicial. (ECF No. 224-1). As for futility, Coal Defendants argue that Plaintiffs cannot muster sufficient evidence to support its claims nor can Plaintiffs present evidence of allocation as between the coal removed from the Martin Parcel on the one hand (where the Court has ruled Plaintiffs possessed no ownership interest in the coal), and the coal removed from additional 2.25 acres outside the Martin Parcel. As for burden, the Coal Defendants argue that the only means of correcting the futility is to permit the undue burdens of additional discovery and motions practice. While some of Defendants arguments resonate with the Court, it will nevertheless exercise its discretion and permit amendment preliminarily, subject to certain conditions specified below.

First, although not sufficiently described in Plaintiffs' Complaint (or First or Second Amended Complaints), the Court finds it more likely than not that the Defendants were nonetheless on notice of the additional 2.25-acre area during discovery. At a minimum, Defendants were put on notice of this theory by Plaintiffs' expert, Mr. Larry McDowell's, revised report dated February 28, 2018.[2] (ECF No. 136-6). This was before the discovery deadline, (ECF No. 105), prompted a vigorous deposition in September 2018, and even led to some motions practice. (ECF Nos. 136, 154, 161). Therefore, this Court is not convinced that amendment would cause prejudice based on lack of notice.[3] Neither does the Court feel that the need for amendment was caused by bad faith or purposeful delay.

The Court does, however, have serious misgivings as to how this case will proceed should amendment be permitted and whether it has reached a point of futility. The June 12, 2019

---

[2] Although not clearly delineated, review of the exhibits attached to Mr. McDowell's first report in April of 2017 also shows that the purportedly mined area likely extended beyond the 29.7-acre parcel. (*Compare* ECF No. 136-5 at 13 *with* 136-5 at 53).

[3] The Court is not persuaded by Plaintiffs' arguments that simple citation to Mount Cynthia, a 907-acre parcel, and area deeds sufficiently gave notice of 2.25 acres of disputed coal.

Memorandum and Order requested that the parties "address any record evidence establishing ownership of the mineral rights for additional acreage[]" and to address issues that arise from Plaintiff's "representation at oral argument that they have no present evidence of allocation of coal as between the two areas . . . ." (ECF No. 217 at 18). Plaintiffs included no such record evidence within their motion or reply and have previously announced an inability to allocate at all. (ECF No. 215 at 12:23-13:10). Plaintiffs contend that Mr. McDowell will present such evidence of allocation, although none has been produced to date. (ECF No. 230 at 5).

Nevertheless, the Court is not prepared to find amendment futile. Rather, Plaintiffs' motion is granted on a preliminary basis subject to specific evidentiary showings. First, Plaintiffs must produce to Defendants and file with the Court documentary evidence together with any additional argument that reasonably supports their claim of an ownership interest in the coal from the 2.25-acre parcel at the time of the allegedly wrongful mining. This would at a minimum include a copy of any conveyances or other documents that Plaintiffs contend establishes such an interest. This must be filed by August 15, 2019. In so doing, the Plaintiffs should keep in mind this Court's previous rulings regarding, inter alia, the insufficiency of the probate-related documents previously relied upon to establish such an interest with regard to the Martin Parcel. Second, Plaintiffs must file a supplemental expert report disclosing their expert's specific allocation of the coal as between the Martin Parcel and the 2.25-acre parcel, including all bases supporting such allocation, along with any supporting documents. This must be filed by August 30, 2019.

Once produced, the Court may exercise its discretion in revisiting this memorandum and its accompanying order. *See* Fed. R. Civ. P. 54(b). Furthermore, this decision is made without prejudice towards Defendants' ability to file an additional dispositive motion after reviewing Plaintiffs' productions.

For the foregoing reasons, Plaintiff's Motion for Leave to File Third Amended Complaint, (ECF No. 216), is **GRANTED** and Plaintiff is **ORDERED** to make evidentiary showings as detailed within.


Dated: July 24, 2019                                        /s/

                                                                              J. Mark Coulson
United States Magistrate Judge