IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CDS FAMILY TRUST, *et al.*,   *

   Plaintiffs,   *

v.   *   Civil Case No. 1:15-cv-02584-JMC

ERNEST R. MARTIN, *et al.*,   *

   Defendants.   *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on Defendants Wilson Creek Energy, LLC, and PBS Coals, Inc. (collectively the "Coal Defendants" or "Defendants"), Motion for Reconsideration with respect to this Court's Memorandum Opinion and Order (ECF No. 236), conditionally permitting Plaintiffs to file a Third Amendment Complaint. (ECF No. 251). This motion is joined by Co-Defendants Debbie and Jeffrey Rose and WPO, Inc. (ECF No. 253).

This case involves disputed mining rights. In the roughly one year since it was referred to me for all proceedings, it has involved a continuous flurry of activity resulting in a dozen different substantive opinions from the Court. This Court need not reiterate this entire saga now.

As pertinent to the matter at hand, this Court expressed concern over how the area of disputed mining has evolved. It once appeared that the suit strictly concerned mining within a 29.7-acre parcel (the "Martin Parcel") to which Plaintiffs claimed the mining rights. As discovery began to cast some doubt as to those rights, Plaintiffs' hedged their bets though their expert's rebuttal report of February 28, 2018, which redefined the disputed mining to include an area beyond the Martin Parcel. This culminated in Plaintiffs' assertion that the disputed mining took place on 3.36 total acres. Of that area, Plaintiffs contend that 1.1 acres fell within the Martin

1

Parcel, and the remaining 2.26[1] acres fell on other property adjacent to that parcel (to which Plaintiffs allegedly also held the mining rights).

On May 21, 2019, the Court held a hearing on Defendants' Motion for Summary Judgment and, *inter alia*, expressed doubt as to whether the then-operative Second Amended Complaint adequately reflected the Plaintiffs' most recent contentions regarding the location of the disputed area — given its focus on the Martin Parcel. (ECF No. 215 at 92:18–93:21). After articulating this, Plaintiffs filed the now-at-issue Motion for Leave to File Third Amended Complaint. (ECF No. 216). This Court ultimately ruled that Plaintiffs did not have an ownership interest in the Martin Parcel and that Plaintiffs' Second Amended Complaint failed to adequately plead that the disputed-area of extended beyond the Martin Parcel. (ECF No. 218). Accordingly, Plaintiffs' only hope of recovery rests with its Third Amended Complaint, which now explicitly includes the 2.26 acres beyond the Martin Parcel (as previewed by Plaintiffs' expert's February 18, 2018 rebuttal report).

This Court conditionally granted Plaintiffs' Motion for Leave to File Third Amended Complaint subject to "specific evidentiary showings." (ECF No. 236 at 5). The Court was concerned as to whether Plaintiffs could establish ownership over the additional acreage, given they failed to establish ownership of the Martin Parcel, and if they would be able to adequately allocate the disputed coal as between the Martin Parcel (for which they had no mining rights) and the additional acreage (for which they may have mining rights). This Court said specifically:

1. Plaintiffs must produce to Defendants and file with the Court documentary evidence together with any additional argument that reasonably supports their claim of ownership in the coal from the 2.2[6]-acre parcel at the time of allegedly wrongful mining.
    a. This would at a minimum include a copy of any conveyances or other documents that Plaintiffs contend establish[] such an interest.

---

[1] The Court's original calculation was incorrect, as the "new" area is actually 2.26 acres.

2

2. Plaintiffs must file a supplemental expert report disclosing their expert's specific allocation of the coal between the Martin Parcel and the 2.2[6]-acre parcel, including all bases supporting such allocation, along with any supporting documents. (ECF No. 236 at 5).

In response to this Order, on August 15, 2019, Plaintiffs submitted evidence pertaining to their claimed ownership interests in the additional 2.26-acre area. (ECF No. 240). Moreover, on August 29, 2019, Plaintiffs submitted an expert report addressing the issue of allocation, which was authored by Ronald L. Lewis, Managing Director and Chief Operating Officer of the John T. Boyd Company, Mining and Geological Consultants (the "Lewis Report"). (ECF No. 243-1). This Court then then ordered Mr. Lewis to sit for a deposition, which was held on October 23, 2019.

Currently pending is the Coal Defendants' Motion for Reconsideration of this Court's Order permitting Plaintiffs to file a Third Amended Complaint. (ECF No. 251). Defendants argue that this Court should reconsider its Order and enter an Amended Order denying leave to file because the "new evidence demonstrates that the Third Amended Complaint is futile," and because it will cause undue prejudice. (ECF No. 252 at 4). Plaintiffs filed an Opposition, and Defendants have filed a Reply. (ECF No. 257). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons outlined below, Defendants' Motion is **DENIED.**

I.  **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment. While Rule 54 does not set forth the standard for reconsideration of interlocutory orders, such as the ruling at issue here, the Fourth Circuit has held that a motion for reconsideration under Rule 54 is

not subject to the same "strict standards" applicable to motions for reconsideration of a final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Despite this relative leniency, "most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions," and will reconsider an interlocutory order only where: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (internal citations omitted).

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(2) states, in part: "[t]he court should freely give leave [to amend] when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). A court has broad discretion in considering such motions. *Booth v. Maryland*, 337 Fed. App'x 301, 312 (4th Cir. 2009) (*per curiam*). Delay alone is an insufficient reason to deny leave to amend." *Edwards v. Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). Rather, there are three circumstances when it is appropriate to deny leave to amend: (1) the amendment would be prejudicial to the opposing party; (2) there has been bad faith on the part of the moving party; or (3) the amendment would have been futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

With respect to the first factor (prejudice), such can "result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

The review for futility is not equivalent to an evaluation of the underlying merits of the case. "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)). Specifically, a proposed amendment should be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

## II. DISCUSSION

In the Coal Defendants' Motion for Reconsideration, they do not allege an intervening change in law or controlling authority. Rather, they argue this Court must reconsider its decision allowing amendment because: (1) the Lewis Report addressing allocation of the coal as between the two parcels is neither relevant nor reliable (and therefore noncompliant with this Court's Order conditionally allowing the Third Amended Compliant); (2) as a result, Plaintiffs' Proposed Amendment is futile as a matter of law; and (3) Plaintiffs' Amendment was unduly delayed and will cause the Coal Defendants undue prejudice.[2] (ECF No. 252 at 4). These contentions are addressed in turn.

### A. The Lewis Report

In summary, Mr. Lewis opined that the allocation of disputed coal as between the Martin Parcel and the additional 2.26 acres aligns exactly with those parcels' percentage of the total disputed acreage (3.36). The basis of his opinion is evidence of mining (*i.e.*, "disturbed area")

---

[2] The Coal Defendants do not specifically challenge Plaintiffs' claimed ownership interest in the 2.26 acres, although they reserve their right to do so in the future.

over the entire 3.36 acres, and an extrapolation that the coal is equally distributed and of equal quality throughout the area, which is based on core sampling. (ECF Nos. 243-1 & 252-1 at 11–17). Mr. Lewis applies the percentages to the total coal mined from that area during the relevant timeframe to arrive at his specific allocation. (ECF No. 243-1).

The Coal Defendants argue that Mr. Lewis' opinion is unreliable, irrelevant, and, therefore, not in compliance with the Court's July 24, 2019 order which, *inter alia*, required Plaintiffs to produce evidence of a specific allocation of the disputed coal between the Martin Parcel and the additional 2.26 acres. (ECF No. 252). They challenge Mr. Lewis' assumptions and extrapolations. For example, the Coal Defendants argue the amount of disturbed area can exceed the area of actual mining. (ECF No. 252 at 9). They argue that coal seams can be of varying thickness, quality and price. *Id*. at 7 & 12. Essentially, these amount to an evidentiary challenge that the Lewis Report (which, the Court notes, does provide for a "specific allocation," albeit one whose basis is challenged) fails to meet the requirements of Federal Rules of Evidence 702 and 703. At this stage, in the context of a Motion to Amend and on the record before the Court, the Court does not find Mr. Lewis' opinion so lacking as to demonstrate futility.

To be sure, the Coal Defendants have ample cross examination evidence as to Mr. Lewis' opinions, and, especially if supported by a report from Defendants' own expert(s) on this issue, it may ultimately be that the Court would decide to exclude such testimony either at the summary judgment stage, the motion in limine stage, or even after the conclusion of Mr. Lewis' trial testimony. Despite how stalwart those arguments might ultimately prove to be, Mr. Lewis has articulated a basis for his allocation, particularly when supported by his deposition testimony, so as to satisfy Rule 15's requirements. It is therefore premature for the Court to decide the extent to which any of these claimed defects go merely to weight or preclude admissibility altogether. The

time for that determination is not at the Rule 15 stage, but rather when there is a more fully developed record.

Plaintiffs should take note, however, that the Court's decision today should not be construed as a decision that Mr. Lewis' opinions will ultimately be determined sufficient under Federal Rules of Evidence 702 and 703, or otherwise deemed adequate to carry Plaintiffs' burden of proof. Additionally, the Court's determination at this stage does not preclude Defendants from challenging the admissibility and adequacy of Mr. Lewis' opinions at the conclusion of any additional discovery period that this amendment requires by way of dispositive motion and/or motion in limine.

### B. Undue Delay and Prejudice

Finally, Defendants argue Plaintiffs' Motion to Amend was unduly delayed, and that permitting this Amendment will result in undue prejudice to them. Notably, in its previous decision, the Court stated:

> First, although not sufficiently described in Plaintiffs' Complaint (or First or Second Amended Complaints), the Court finds it more likely than not that the Defendants were nonetheless on notice of the additional 2.25-acre [sic] area during discovery. At a minimum, Defendants were put on notice of this theory by Plaintiffs' expert, Mr. Larry McDowell's, revised report dated February 28, 2018. (ECF No. 136-6). This was before the discovery deadline, (ECF No. 105), prompted a vigorous deposition in September 2018, and even led to some motions practice. (ECF Nos. 136, 154, 161). Therefore, this Court is not convinced that amendment would cause prejudice based on lack of notice. Neither does the Court feel that the need for amendment was caused by bad faith or purposeful delay. (ECF No. 236 at 4) (footnotes omitted).

Despite this determination, the Coal Defendants state "respectfully, the lack of bad faith and purposeful delay are not the standard when assessing undue delay and prejudice in this context." (ECF No. 258 at 9). Defendants argue that this Court's previous decision conditionally permitting

the Third Amended Complaint must be reconsidered based on the additional evidence presented, and also (seemingly) because this Court's prior interpretation of the law was incorrect.[3] In terms of the new evidence, Defendants contend such indicates that the Amendment will change the character of the litigation dramatically, as the Coal Defendants will "need to spend money retreading all of the ground that have tread due to the passage of time," in addition to the new discovery associated with another parcel being placed at issue. (ECF No. 256 at 12).

The Court's previous analysis regarding the additional evidence is equally applicable here. In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman*, 371 U.S. at 182; *Lance v. Prince George's County*, 199 F. Supp. 2d 297, 300–01 (D. Md. 2002). As noted above, delay alone is an insufficient reason to deny leave to amend, rather, "the delay must be accompanied by prejudice, bad faith, or futility." *Edwards*, 178 at 242.

In support of their contention that "lack of bad faith and purposeful delay are not the standard when assessing undue delay and prejudice," the Coal Defendants rely on *Deasy v. Hill*, 833 F.2d 38 (4th Cir. 1987), wherein the plaintiff's delay was deemed undue because: Plaintiff failed to offer *any reason* for his delay, the delay was significant, and the motion to amend came "right before *trial* and discovery was complete." 833 F.2d at 41 (emphasis added). Further, the Fourth Circuit has more recently stated "although prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this 'basis for finding of prejudice essentially applies where the amendment is offered

---

[3] *See, e.g.*, (ECF No. 258 at 9) ("Plaintiffs repeatedly cite to this Court's statements in its July 24, 2019 Order that the amendment of the Complaint was not caused by bad faith or purposeful delay . . . . However, respectfully, the lack of bad faith and purposeful delay are not the standard when assessing undue delay and prejudice in this context."); *Id.* at 11 ("It is also binding law that . . . .").

8

*shortly before or during trial.'" Scott v. Family Dollar Stores*, 733 F.3d 105, 118–19 (4th Cir. 2013) (emphasis added). The Court continued:

> Because the parties were still in discovery, and many steps removed from trial, the purported undue prejudice to Family Dollar is overstated. We emphasize that our holding does not condone an automatic three-year period for plaintiffs to seek leave to amend a complaint. Rather, we conclude that Family Dollar would not be unduly prejudiced by the amendment under all the particular circumstances presented in this case. *Id.* at 119.

Here, as this Court previously mentioned, the issue of the additional 2.26-acre area was not only addressed during a deposition, but *also* resulted in motions practice, occurred before the discovery deadline (ECF No. 105), and prompted a vigorous deposition in September 2018. (ECF Nos. 136, 154 & 161). In addition, after the extensive pleadings and back-and-forth in this case, there is no indication of bad faith; the Third Amended Complaint does not involve the addition of any new defendants, any new claims, or raise any new legal theories; nor does it materially alter the course of this litigation.

The request to amend did not occur in a vacuum. Although insufficiently pleaded in the Second Amended Complaint, Plaintiffs articulated that the 3.36 area that has always been at the center of this case extends beyond the geographic boundaries Martin Parcel to an adjacent area, an assertion that was explored by Defendants at deposition. The area is depicted on maps of the area, which were exchanged and testified to well before this amendment. The documents purporting to establish Plaintiffs' ownership rights largely overlap with those property records previously produced in the case. The request to amend also preceded this Court's decision that Plaintiffs lacked the mining rights for the Martin Parcel. Further, the mere fact that the opposing party, here the Defendants, will be required to take some limited additional discovery, or invest additional resources in litigation by way of having their own expert address the Lewis Report and deposition,

is not enough to warrant denial of an amendment.[4] The scope of such discovery should, of course, be sufficiently targeted to the ownership, allocation and valuation of coal removed from this relocated acreage.

Therefore, this Court will reiterate its conclusion that the Coal Defendants would not be unduly prejudiced by the amendment under all of the particular circumstances presented in this case. *See McLaurin v. E. Jordan Iron Works, Inc.*, 666 F. Supp. 2d 590, 596 (E.D.N.C. 2009), *aff'd*, 410 Fed. App'x 630 (4th Cir. 2011) ("Generally, motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court . . . ."). As this Court sees no manifest error of law or fact, this Motion for Reconsideration is DENIED.

## III.   CONCLUSION

In conclusion, this Court shall note that granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit. Rather, absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. *See* Fed. R. Civ. P. 15(a); *California Sportfishing Protection Alliance v. Shiloh Grp., LLC*, 268 F. Supp. 3d 1029 (N.D. Cal. 2017). As the Coal Defendants do not present circumstances in which this Court must re-evaluate its prior determination regarding prejudice, and the additional evidence submitted does not alter this analysis, this Court's Order conditionally granting Leave to Amend was appropriate.

Accordingly, the Coal Defendants' Motion for Reconsideration (ECF No. 251) is DENIED. Counsel should confer and jointly propose a discovery schedule to allow Defendants

---

[4] Nonetheless, it is unclear exactly what "new" discovery will be required, as the Coal Defendants consistently reiterate that they will need to return to previously finalized topics. *See* (ECF No. 258 at 12) ("At a minimum, witnesses will have to be recalled, discovery will have to be reissued, experts will have to be-enlisted, and motions will have to be refiled.").

the opportunity to counter the Third Amended Complaint to include designation of their own expert(s) addressing allocation by February 28, 2020.

Date: February 14, 2020

/s/
J. Mark Coulson
United States Magistrate Judge